UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENIGNO LEON SANTIAGO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DENTION FACILITY, et al.,<br><br>Respondent. | No. 1:26-cv-08763-DAD-AC<br><br><u>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING PETITIONER'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

On October 26, 2026, petitioner Benigno Leon Santiago filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 3.) On October 27, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In that same order, the court directed that in the event respondent opposed

/////

the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On October 29, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Therein, respondent does not object to the court ruling on the merits of the *habeas* petition (*id.* at 1), and the court will do so. Respondent further concedes that this case is not substantively distinguishable from the cases cited in the court's October 27, 2026 (Doc. No. 7). (Doc. No. 8 at 1.) Still, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and is entitled only to seek a custody redetermination hearing. (*Id.*)

Based on the parties' briefing, the court finds the following facts. Petitioner entered the United States without inspection in 2005. (Doc. No. 1 at 6). There is no evidence before the court that petitioner has been previously detained by ICE. On or around October 5, 2026, petitioner was detained by ICE as part of a targeted enforcement operation focusing upon a different individual. (Doc. No. 8 at 4.) An administrative warrant was purportedly issued contemporaneously with petitioner's arrent, but respondent does not attach a Form I-200 to its opposition. (*Id.*) On or around October 7, 2026, ICE served petitioner with a notice to appear and the Form I-826, the document that ICE officers complete after conducting an initial custody determination. (*Id.* at 4–5, 7–9, 11–12.) The I-826 reflects that petitioner requested a custody redetermination hearing before an IJ.[1] (*Id.* at 11–12.)

In the pending habeas petition, petitioner alleges that his detention violates procedural due process. (Doc. No. 1 at ¶¶ 24–49.) "The Supreme Court confirmed well over a century ago that even [noncitizens] shall not be . . . deprived of life, liberty, or property without due process of law. *Padilla v. United States Immigr. & Customs Enf't*, __F.4th__, No. 24-2801, 2026 WL

[1] The Form I-826 "provides the formal mechanism—a box the detainee may check—to immediately request a custody redetermination hearing (*i.e.* bond hearing) before an IJ." *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). "If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court." *Brito v. U.S. Immigr. and Customs Enf't.*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *2 (E.D. Cal. Oct. 19, 2026).

2822044, at *11 (9th Cir. Sept. 21, 2026) (internal quotation marks omitted) (citing *Wong Wing v. United States*, 163 U.S. 228, 238 (1896)). "The application of the Fifth Amendment to noncitizens has been repeatedly and resoundingly reaffirmed over the many years since *Wong Wing*." *Id.* "Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

As to the first step, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025). Here, petitioner has resided in the United States for over 20 years. (Doc. No. 1 at 6.) He has established a life for himself in this country over that twenty-year period. The court concludes that he has a liberty interest in his continued freedom from detention and therefore the first step weighs in his favor. *Rosendo C.R. v. Andrews*, No. 1:26-cv-08803-TLN-AC, 2026 WL 3307040, at *2 (E.D. Cal. Nov. 2, 2026) ("The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Petitioner developed an interest in his own liberty during the twenty years he spent living freely in the United States prior to his current detention, and that interest only strengthened over time.").

Turning to the second step, the court must analyze the following factors to determine what process is constitutionally required: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, the court has determined above that petitioner has a liberty interest in remaining free from detention. He has been in immigration custody for approximately one month with obvious impact upon him. (Doc. No. 1 at 6.) Accordingly, consideration of this factor weighs in petitioner's favor. *Rosendo C.R. v. Andrews*, No. 1:26-cv-08803-TLN-AC, 2026 WL 3307040, at *2 (E.D. Cal. Nov. 2, 2026) (concluding that this factor weighed in petitioner's favor where petitioner had spent 20 years living freely in the United States prior to his detention and been detained for approximately two weeks).

As to the second factor, on October 7, 2026, petitioner requested a custody re-determination hearing before an immigration judge, and there was no evidence before the court that he received such a hearing by the time he filed the pending habeas petition on October 26, 2026. (Doc. No. 8 at 11.) As a result, on November 3, 2026, the court ordered respondent to inform the court whether an IJ had reviewed petitioner's initial custody determination or, if not, whether there was presently a date scheduled for an IJ to do so. (Doc. No. 9.) On November 4, 2026, respondent filed supplemental briefing that informed the court that petitioner had a master calendar hearing with respect to his removal proceedings scheduled on October 29, 2026, but did not address the court's question regarding the review of petitioner's initial custody determination whatsoever. (Doc. No. 10.) Even if petitioner received a custody re-determination hearing after he initiated this habeas action, "[c]ourts in the Ninth Circuit have found that such a delay renders that hearing inadequate to protect the noncitizen's right to due process." *Brito v. U.S. Immigr. & Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *4 (E.D. Cal. Oct. 19, 2026) (concluding that the second factor weighed in favor of a petitioner who did not receive a custody re-determination hearing before an IJ until six weeks after he requested one); *see also Rosendo C.R.*, 2026 WL 3307040, at *2–3 (concluding that consideration of the second factor weighed in favor of a petitioner who requested a custody re-determination hearing but did not receive one "in nearly two weeks of detention"). Accordingly, here, consideration of the second factor weighs in petitioner's favor.

As to the third factor, the court acknowledges that "the government clearly has a strong interest in preventing aliens from 'remain[ing] in the United States in violation of our law.'"

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (alteration in original) (citing *Demore v. Kim*, 538 U.S. 510, 518 (2003)). However, this interest is low where, as here, petitioner did not promptly receive an initial custody determination to which he is statutorily entitled. *Rosendo C.R.*, 2026 WL 3307040, at *3 (reaching the same conclusion for a petitioner who requested a custody re-determination hearing but did not receive one "in nearly two weeks of detention"). Moreover, "[i]n immigration court, custody hearings are routine and impose a minimal cost." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025) (internal quotation marks and citation omitted). Therefore, the court concludes that the third factor also weighs in petitioner's favor.

Based on the above analysis, the court concludes that petitioner is entitled to habeas relief and will order his immediate release. *Brito*, 2026 WL 3120979, at *5 (ordering release of petitioner who did not receive a prompt custody redetermination hearing after he requested one); *Rosendo C.R.*, 2026 WL 3307040, at *3 (same).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Benigno Leon Santiago, A-File No. 240-174-837, from respondent's custody on the conditions, if any, he was subject to prior to her re-detention on or around October 5, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

/////

/////

3. Petitioner's motion for temporary restraining order (Doc. No. 3) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting *habeas* relief;

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE